IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JONATHAN FULCHER                                                                        PLAINTIFF

VS.                                                         CIVIL ACTION NO. 3:05cv49-DPJ-JCS

CHRISTOPHER EPPS, et al.                                                           DEFENDANTS

OPINION AND ORDER

Plaintiff, an inmate in the custody of the Mississippi Department of Corrections (MDOC), brought this action challenging MDOC's classification system.  Presently before the court are the parties' cross motions for summary judgment.  Having considered the motions, the court concludes that Defendants' motion should be granted and Plaintiff's motion denied.

Plaintiff's primary argument is that the classification system violates the Double Jeopardy Clause of the Constitution.  According to Plaintiff, the system allows an inmate to be punished twice for a Rules Violation Report (RVR), in that the inmate may receive isolation for a period of time for an RVR, and the RVR may be considered again as a factor in downgrading the inmate's custody classification to D custody, which consists of isolation.  This argument is without merit.  The right to be free from double jeopardy does not apply to prison disciplinary proceedings.  *Turner v. Johnson*, 46 F.Supp. 2d 655 (S.D. Tex. 1999).

Plaintiff also states that the system is unconstitutional because the discretion given to prison officials in determining custody status allows them to discriminate against certain groups based upon age and other factors.  However, Plaintiff has come forward with no

evidence of any discrimination that violates the Constitution. Neither is the Due Process Clause implicated by MDOC's classification policy; a prisoner has no protected interest in any particular custody status, as long as that custody status does not impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Confinement in a single cell pursuant to a custody status of D does not meet this description.

For these reasons, the court concludes that Defendants are entitled to judgment as a matter of law. A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this the 18th day of June, 2007.

/s/ James C. Sumner
UNITED STATES MAGISTRATE JUDGE